```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
WILBERTO DIAZ,

                Plaintiff,                    ORDER

     -against-                                21-cv-01609(KAM)

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
----------------------------------------X
```

**KIYO A. MATSUMOTO, United States District Judge**:

    Presently before the Court is Plaintiff's motion for attorney fees. (*See* ECF No. 29-4 ("Pl. Mot.").) For the reasons set forth below, Plaintiff's motion is **GRANTED**.

    Plaintiff's counsel requests fees in the amount of $16,053.00 pursuant to 42 U.S.C. § 406(b), to be paid out of the past due benefits awarded to Plaintiff, based on § 406(b) and Plaintiff's contingency fee agreement. Plaintiff was previously awarded attorney's fees in the amount of $6,900.00 under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412; fees may be awarded under both EAJA and § 406(b) so long as counsel refunds the smaller amount to the plaintiff. *See Gisbrecht v. Barnhart,* 535 U.S. 789, 796 (2002).

    Courts consider the following factors in determining whether to approve the requested fee amount under 42 U.S.C. § 406(b): (1) whether the amount exceeds the statutory 25% cap; (2) whether there

1

was fraud or overreaching in the making of the contingency fee agreement; and (3) whether the amount is a windfall to the attorney.  *Wells v. Sullivan*, 907 F.2d 367, 372 (2d Cir. 1990). Regarding a potential windfall, courts must consider (1) "the ability and expertise of the lawyers and whether they were particularly efficient, accomplishing in a relatively short amount of time what less specialized or less well-trained lawyers might take far longer to do," (2) "the nature and length of the professional relationship with the claimant—including any representation at the agency level," (3) "the satisfaction of the disabled claimant," and (4) "how uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result."  *Fields v. Kijakazi*, 24 F.4th 845, 854-55 (2d Cir. 2022) (concluding that a de facto hourly rate of $1,556.98 was reasonable and not a windfall).

    Here, the current request is for 25% of Plaintiff's past due benefits, as authorized by Section 406(b)(1)(A), and by the fee agreement between Plaintiff and counsel.  (Pl. Mot. ¶¶ 3; ECF No. 29-5 at 2.) Plaintiff's counsel's time records reflect that 32.60 attorney hours were expended on Plaintiff's appeal, for a de facto hourly attorney rate of $492.42. (ECF No. 29-5 at 5.) Specifically, Mr. Daniel Jones, Esq., expended 4.40 hours working on Plaintiff's case during the federal appeal, and Mr. John Moran, Esq., expended 28.20 hours working on Plaintiff's case during the

2

federal appeal. (Pl. Mot. ¶¶ 8, 10; ECF No. 29-5 at 5.) The record does not show any fraud, duplication, or overreaching, and the Commissioner does not object to the reasonableness of the fee. (*See* ECF No. 30.)

Further, after reviewing the *Fields* factors, the Court is satisfied that the fee of $16,053.00 requested by Plaintiff's counsel is appropriate and would not constitute a windfall.

Plaintiff's counsel are experienced attorneys whose practice regularly consists of federal court appeals of Social Security disability claims. (Pl. Mot. ¶¶ 9, 11.) Mr. Jones has practiced exclusively in the area of federal court appeals of Social Security disability claims for over a decade, and Mr. Moran has been practicing Social Security disability law with the law offices of Charles E. Binder and Harry J. Binder for the last thirteen years. (*Id.*) They achieved a successful outcome for Plaintiff and advocated on behalf of Plaintiff for over two years. Although there is no submission from Plaintiff before the Court supporting or opposing counsel's request for fees, Plaintiff received a satisfactory outcome in this case, despite some risk and uncertainty due to the years-long litigation. Plaintiff's counsel faced a high level of uncertainty in achieving an award of benefits, as Mr. Diaz's case was heard twice before an Administrative Law Judge before being appealed to this Court and

3

was then heard for a third time following this Court's remand. (*Id.* ¶¶ 1-3, 6.)

Accordingly, the Court approves an award of fees in the amount of $16,053.00 pursuant to 42 U.S.C. § 406(b)(1), to be paid by the Commissioner out of Plaintiff's past-due benefits in accordance with agency policy.  Plaintiff's counsel shall refund the EAJA fee award of $6,900.00 to Plaintiff.

**SO ORDERED**

Dated:    October 18, 2024
         Brooklyn, New York

_____
**HON. KIYO A. MATSUMOTO**
United States District Judge
Eastern District of New York

4